IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| SHIRLEY WARREN and ERIC WARREN, on behalf of themselves and similarly situated employees, | : : : : | CIVIL ACTION  FILED ELECTRONICALLY |
| Plaintiffs, | : | CLASS/COLLECTIVE ACTION |
| v. | : : | |
| GREATER HOMECARE SERVICES, INC., | : : | |
| Defendant. | : : | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Shirley Warren and Eric Warren (together "Plaintiffs") bring this lawsuit against Greater Homecare Services, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiffs' FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while their PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiffs both reside in Philadelphia, PA (Philadelphia County).

5. Defendant is a corporate entity that, according to paystubs issued to Plaintiffs, is headquartered at 8110 West Chester Pike, Upper Darby, PA 19082 (Delaware County).

6. Plaintiffs are employees covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business that provides, *inter alia,* home health and companionship various services to clients located in and around Southeastern Pennsylvania.

9. Defendant employs workers who are paid an hourly wage to provide services to Defendant's clients. We will call these individuals "hourly employees."

10. Plaintiffs worked for Defendant as hourly employees during the three-year period relevant to this lawsuit.

11. Plaintiffs, like other hourly employees, often worked over 40 hours per week.

12. The FLSA and PMWA require that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1); 43 P.S. § 333.104(c). Notwithstanding, Defendant often fails to pay such overtime wages. For example, during the two-week pay period ending April 16, 2023, Shirley Warren was credited with working 224 total hours and was paid at her regular hourly pay rate of $14.00 for *all* such hours; no overtime premium payments were made. Likewise, during the two-week pay period ending June 9, 2024, Eric Warren was credited with working 140 total hours and was paid at his regular hourly pay rate of $14.00 for all such hours; no overtime premium payments were made.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and bring their PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. They sue on behalf of all individuals who, during any time after July 24, 2021, have been employed by Defendant, paid an hourly wage, and credited with working a total of over 40 hours during any week.

14. Plaintiffs' FLSA claim should proceed as a collective action because Plaintiffs and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

15. Class action treatment of Plaintiffs' PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

16. The class is readily ascertainable based on Defendant's business records and is so numerous that joinder of all class members is impracticable.

17. Plaintiffs are class members, their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

18. Plaintiffs and their lawyers will fairly and adequately represent the class members and their interests.

19. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

20. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

21. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

22. In paying Plaintiffs and other collective members regular hourly pay rates for hours worked over 40 per week, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

23. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

24. Defendant has violated the PMWA by paying Plaintiffs and other class members regular hourly pay rates for hours worked over 40 per week.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and other members of the class/collective, seeks the following relief:

A. Unpaid overtime wages and prejudgment interest;

B. Liquidated damages to the fullest extent permitted under the FLSA;

C. Litigation costs, expenses, and attorneys' fees; and

D.   Such other and further relief as the Court deems just and proper.

Date:  July 24, 2024                                  Respectfully,

                                                     /s/ Peter Winebrake
                                                     _____
                                                     Peter Winebrake
                                                     Michelle Tolodziecki
                                                     Winebrake & Santillo, LLC
                                                     715 Twining Road, Suite 211
                                                     Dresher, PA 19025
                                                     (215) 884-2491
                                                     pwinebrake@winebrakelaw.com
                                                     mtolodziecki@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

_____
Print Name   Shirley Warren

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

*Eric Warren*
Signature

*Eric Warren*
Print Name